Jerry Wayne TURNER

v.

UNITED STATES of America.

No. 16670.

United States Court of Appeals
Fifth Circuit.

Nov. 6, 1957.

Rehearing Denied Dec. 26, 1957.

Otis W. Harrison, Augusta, Ga., for appellant.

William C. Calhoun, U. S. Atty., William T. Morton, Asst. U. S. Atty., Augusta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and WISDOM, Circuit Judges.

PER CURIAM.

This appeal complains of a judgment of conviction following a jury verdict finding appellant guilty of violating 18 U.S.C.A. § 2312 (transporting a motor vehicle in interstate commerce, knowing the same to have been stolen). Specifically, it is alleged that appellant and one Gonzales transported a stolen vehicle belonging to one Allen S. Hamilton, deceased, from Augusta, Georgia to Washington, D. C. Gonzales entered a plea of guilty and became a witness for the government. Turner was found guilty by a jury and sentenced to five years.

There is no merit in appellant's contention that the evidence was not sufficient to authorize a verdict of guilty. Appellant admitted driving the automobile in interstate commerce but defended on the ground that he did not know it had been stolen from Hamilton. On the contrary Gonzales, who was jointly indicted with appellant, testified positively that he had killed Hamilton and had taken his automobile and all of his identification papers and had told Turner exactly how he had acquired the automobile. Furthermore a Virginia state trooper, who later arrested the pair for reckless driving in Virginia, testified that appellant addressed Gonzales as Hamilton and, without objection, he testified that Turner knew Gonzales was posing as Hamilton by the use of Hamilton's driving license and identification papers.

There is no merit in the contention that illegal evidence was admitted by the court. Either such evidence was not objected to or was not prejudicial because otherwise admitted without objection. So as to the alleged errors in the court's charge, these were either not objected to at the trial or if objected to were adequately covered by the charge as a whole.

It appearing that no prejudicial error occurred, the judgment is affirmed.